IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 16-3068 JB |
| | ) | |
| **JAMES EDWARDS**, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT</u><br><u>DISCUSSION OF SENTENCING OR PUNISHMENT AT TRIAL</u>

The United States respectfully requests this Court enter an order prohibiting defense counsel from mentioning to the jury, on direct or cross-examination or in argument, that Defendant James Edwards faces up to lifetime incarceration, or that if convicted Defendant will be required to register as a sex offender.  In support of this motion, the United States submits as follows:

On July 12, 2016, Defendant was charged in an indictment with Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(B).  (Doc. 2).  Defendant is facing up to lifetime incarceration for Aggravated Sexual Abuse.  The United States asserts that the jury should in no way be allowed to hear about or consider Defendant's potential lifetime incarceration.

## <u>LEGAL ARGUMENT</u>

To allow a jury to consider punishment when deliberating is an invitation for jury nullification, as the jury would consider something other than the evidence in a case when determining guilt or innocence.  The Tenth Circuit has held that there is no right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) (citing *United States v.*

*Thomas*, 116 F.3d 606, 615 (2d Cir. 1997) (observing that "the power of juries to 'nullify' or exercise a power of lenity is just that - a power; it is by no means a right or something that a judge should encourage or permit if it is within his authority to prevent.")); *see also United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial. Breach of this standard has often been grounds for reversal.").

The Tenth Circuit has thus fashioned a bright line rule that "[u]nless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (overruled on other grounds); *see also Greer*, 620 F.2d at 1385 (10th Cir. 1980) (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'")(quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)).

Other circuits have ruled similarly. In *United States v. Johnson*, 62 F.3d 849, 850-51 (6th Cir. 1995), the district court declined a defendant's request to inform the jury regarding the defendant's punishment. In affirming, the circuit court reasoned:

> When a jury has no sentencing role, providing sentencing information invites jurors to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. (citation omitted). Indeed, the only possible purpose that would be served by informing jurors of the mandatory sentence would be to invite jury nullification of the law.

The court in *Johnson* also stated: "[t]he jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequences in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." *Id.* at 850 (quoting *United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir. 1970)); *see also United States*

*v. Meredith*, 824 F.2d 1418, 1429 (4th Cir. 1987) (noting "[t]he jury must reach its verdict without considering possible sentences"); *United States v. Trujillo*, 714, F.2d 102, 106 (11th Cir. 1983) (holding that "defense counsel may not argue jury nullification during closing argument."); *United States v. O'Brien*, 609 F.2d 895, 897 (8th Cir. 1979) (observing "[t]he matter of assessing penalty is exclusively within the province of the court, and the jury's sole purpose is to determine the facts and thereby the guilt or innocence of the defendant"); *United States v. Davidson*, 367 F.2d 60, 63 (6th Cir. 1966) (noting that "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty or not guilty, and of the court to determine matters of punishment.").  The law on this issue is well-situated, and squarely forecloses defendant's discussion of any possible penalty at trial.

Allowing Defendant to inject discussion as to the possible penalty would contradict the jury instructions regularly given by this Court. Tenth Circuit Pattern Jury Instruction 1.04 states that it is the jury's duty "to base [its] verdict solely upon the evidence, without prejudice or sympathy."  Similarly, Instruction 1.20 instructs the jury that "[i]f [it] find[s] the defendant guilty, it will be [the Court's] duty to decide what the punishment will be.  [It] should not discuss or consider the possible punishment in any way while deciding [its] verdict."  Along these lines, this Court should also prohibit discussion of the United States Sentencing Guidelines.  Such comments have no place in a trial where the guilt or innocence of the Defendant is decided solely on the evidence at trial.

Moreover, defense comments warning a jury against "taking away defendant's freedom," "sending him to jail," "taking him away from his family," "labeling him a sex offender" or any statement regarding possible consequences serve no purpose at trial.  The mention of such facts serves only to put before the jury the matter of what sentence or consequences a defendant might

3

receive and, if it occurs, can only be intended to arouse he jury's sympathy or prejudice. "The jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975).

The United States contacted Defendant for his position on this motion and the Defendant does not object to this motion.

CONCLUSION

For the reasons explained above, the United States requests that this Court issue an order prohibiting Defendant and his counsel from arguing sentencing-related issues to the jury. Such issues include, but are not limited to, application of the United States Sentencing Guidelines, the potential for registration as a sex offender, and lifetime incarceration.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed on May 26, 2017*
NICHOLAS J. MARSHALL
NOVALINE D. WILSON
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 224-1517

I HEREBY CERTIFY that I electronically filed
the foregoing with the Clerk of the Court using
the CM/ECF system which will cause a copy of
this filing to be sent to counsel for Defendant.

*/s/*
NICHOLAS J. MARSHALL
Assistant United States Attorney