IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Cr. No. 16-3068 JB |
| **JAMES EDWARDS**, | ) |
| Defendant. | ) |

## UNITED STATES' MOTION *IN LIMINE* TO PROHIBIT DEFENDANT FROM INTRODUCING PRIOR STATEMENTS AS HEARSAY

The United States respectfully requests this Court enter an order prohibiting Defendant from introducing his prior statements as hearsay. On July 12, 2016, Defendant was charged in an indictment with Aggravated Sexual Abuse in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(B). (Doc. 2). Defendant is facing up to lifetime incarceration for Aggravated Sexual Abuse. In support of this motion, the United States submits as follows:

### LEGAL ARGUMENT

The United States respectfully moves this Court exclude any out-of-court statement, offered for the truth of the matter asserted, without a valid hearsay exception. Specifically, the United States requests the Court prohibit Defendant from introducing evidence of his prior statements.

Generally, an out of court statement, offered for the truth of the matter asserted is inadmissible as hearsay. Fed. R. Evid. 801. While certain statements are exempted from this definition, self-serving statements from the defendant are always inadmissible. *See United States v. Larsen*, 175 F. App'x 236, 241 (10th Cir. 2006) ("Rule 801(d)(2), which excludes from the

definition of hearsay admissions by a party-opponent, does not apply because that rule does not permit self-serving, exculpatory statements made by a party and offered by that same party."); *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) ("[A] defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination.").

Defendant should be excluded from introducing any of his out-of-court statements offered for the truth of the matter asserted. The United States intends on introducing evidence of Defendant's prior statements. These are exceptions to the prohibition against hearsay as statements by a party opponent. Defendant may not introduce his own statements without taking the stand, as he would not be the party opponent. Defendant may testify about his version of the facts, under oath, subject to cross-examination. Any attempt to introduce her statements through other witnesses would be to frustrate the United States' ability to cross-examine.

The United States contacted Defendant for his position on this motion and Defendant takes no position with regard to this motion.

## CONCLUSION

For the reasons explained above, the United States requests that this Court issue an order prohibiting Defendant from introducing his prior statements during the trial.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed on May 30, 2017*

NICHOLAS J. MARSHALL
NOVALINE D. WILSON
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 224-1517

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will cause a copy of this filing to be sent to counsel for Defendant.

*/s/*_____
NICHOLAS J. MARSHALL
Assistant United States Attorney