IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              16-CR-3068 JB

JAMES EDWARDS,

      Defendant.

**DEFENDANT'S RESPONSE TO UNITED STATES' FIRST MOTION *IN LIMINE***

      Defendant James Edwards, through his counsel, hereby submits his Response to the United States' First Motion *in Limine* (Doc. 43). Generally, the Motion sweeps broadly and attempts to exclude entire categories of hypothetical evidence, but does not articulate many specific items of evidence that might be amenable to a ruling regarding admissibility. In most of the categories presented, there is at least some evidence that might arise and should be admitted if offered for introduction. Defendant will address each point raised in the Motion in turn:

    1. **Allegations of Government Misconduct**: The United States asks the Court to anticipatorily prohibit Defendant from introducing "any evidence, making any statement, or asking any questions regarding allegations of government misconduct or constitutional violation." Doc. 43 at 1. No actual items of potential evidence are addressed, and Defendant does not know what the United States may be referencing because of the vagueness of the Motion. Nevertheless, it is enough to note that there is no legal authority or known rule of evidence the United States can cite for the proposition that evidence of government misconduct or constitutional violations is categorically inadmissible. Rather, any such item of evidence would undergo the same scrutiny of any other under the rules of evidence. Thus, the Court

would evaluate the piece of evidence to determine whether it is relevant (Fed. R. Evid. 401 and 402), and whether it should be excluded because "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" (Fed. R. Evid. 403).

Evidence regarding government misconduct and constitutional violations could be relevant to many issues. For example, an investigator's misconduct might be used to impeach such an investigator's credibility, whether by casting doubt in his or her character for truthfulness, on the competence or thoroughness of an investigation, or on the investigator's lack of bias. The general rule is that all relevant evidence is admissible unless a statute, constitutional provision, or rule provides otherwise. Rather than granting a blanket ban on evidence regarding government misconduct or constitutional violations, the Court should rule on any evidence in this category on an individualized basis under the rules of evidence and other laws governing the admissibility of proffered evidence.

2. **<u>Pre-Trial Rulings</u>**: The United States' request regarding pre-trial rulings is overbroad and has to potential to exclude admissible evidence. The United States as the Court to preclude the Defense from introducing "any evidence, making any statement, or asking any questions regarding the contents of, or rulings on, any motions filed by either Defendant or the Government pre-trial." The motions deadline has not passed as of the date of this response, but the Defense anticipates filings motions *in limine* and one or more motions related to discovery. While Defendant agrees that the existence of pretrial rulings and the rulings themselves are not evidence appropriate for the jury, the "contents" of any rulings or motions is a broad term that would include the substance of any of those motions or rulings. Thus, if Defendant brings a

motion *in limine* requesting that the Court allow the introduction of a particular item of evidence, under the United States' proposed ruling, the contents (which could be the substance of the evidence being offered) would be excluded. The proper course of action is for the Court to rule on each item on a case-by-case basis because the categorical exclusion being sought here is ill-defined and vague.

3. **Plea Negotiations**: Defendant generally agrees that the occurrence and/or substance of any plea negotiations are not likely relevant.

4. **Offers to Stipulate**: The United States offers little explanation about what specific evidence it is seeking to exclude related to offers to stipulate. It cites *United States v. Schene*, 543 F.3d 627, 643 (10th Cir. 2008) for the proposition that a defendant "may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it." *Id*. Nevertheless, no specific item of evidence is ever mentioned. In *Schene*, the defendant had asked the trial court to exclude exhibits of child pornography on the grounds that they were unduly prejudicial under Rule 403 in light of defendant's offer to stipulate that the images were child pornography. The Tenth Circuit upheld the admission of the exhibits, reasoning that images "were the gist of the government's current case against *Schene*. The government was entitled to prove its case, and given the charges against *Schene*, those images were not unfairly prejudicial under Rule 403." *United States v. Schene*, 543 F.3d at 643.

In other words, the district court had made findings regarding a specific item of evidence, and found that the evidence was not unduly prejudicial under Rule 403. In contrast, and in violation of the approach illustrated in *Schene*, the United States wishes to bypass 403 balancing and, presumably, the rest of the rules of evidence, and to obtain a complete ban on a vague category of evidence that is left largely unexplained. As with many of the other items discussed

in the United States' First Motion *in Limine*, the Court should reserve ruling on a categorical basis and should instead evaluate each item offered on a case-by-case basis.

5. **Information Known Only to Defendant:** This category is also left unclear. Whether or not a particular item of evidence presents any "information or facts, which could otherwise come to the jury's attention through the sworn testimony of Defendant" will likely require litigation to determine. A categorical ruling is therefore not appropriate. Furthermore, Defendant has a constitutional right to remain silent under the United States Constitution, and this ruling appears to attempt to punish silence by excluding evidence without rigorous analysis of that evidences' admissibility. The Government should object to questions or attempted introduction of evidence that it finds offensive, and the Court can make a ruling.

6. **Administrative Discipline:** Puzzlingly, the United States seeks a ruling to "preclude Defendant and his counsel from engaging in any attempt to impeach any witness with prior administrative disciplinary findings unless and until the Court has an opportunity to review such evidence to determine its admissibility." Of course, during trial, the Court has an opportunity to review all evidence being offered. The Government's request that a bench conference be called before every offer of impeachment evidence is impractical, is not supported in any rule of procedure or evidence, and poses the risk of interrupting Defense counsel's ability effectively to cross-examine and impeach witnesses. Notably, the United States has not disclosed instances of administrative discipline, but this Motion suggests that there is such an action that should be disclosed before trial. If administrative discipline is a part of the record for any of the United States' witnesses, then the Federal Rules of Evidence constitute a sufficient safeguard for trial.

7. **Defense Exhibits:** This request is inherently unfair inasmuch as it asks for the exclusion of "any evidence . . . regarding defense exhibits that have not previously been supplied to

4

counsel for the United States." Doc. 43 at 3. Defendant continues to investigate and prepare his case, and potential exhibits may come to light that are not yet known to the Defense. Thus, no obligation would have been triggered under Rule 16. Defendant does not dispute the terms of the Court's reciprocal discovery order, but there has been no valid suggestion or finding that Defendant has violated either the discovery order or Rule 16. The Court should not exclude any item of evidence pursuant to Rule 16 without a proper finding of a discovery violation.

8. **<u>Defendant's Health:</u>** The requested exclusion of any evidence "regarding Defendant's mental or physical health" has no sound basis in any rule and would be unfair. Defendant's mental health and physical health may have a strong bearing on multiple issues at trial. The Government is well aware that Defendant has long-documented physical disabilities, and evidence of his physical state is relevant to whether he used force or threat of force, which is an element of the charged crime. Again, Rule 402 states all relevant evidence is admissible unless a statute, constitutional provision, or rule provides otherwise. *See* Fed. R. Evid. 402. In turn:

> Evidence is relevant if:
>
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. The United States is on shaky ground in its attempt to argue that Defendant's health is not relevant to the elements of the charge that the United States has the burden of proving, such as his physical ability to effectively perform the acts of which he is accused.

In light of the above discussion, Defendant urges the Court to deny the Motion and to rule on each evidentiary question on a case-by-case basis rather than in accordance with the vague categories the United States is seeking to set forth. These categorical bans do not benefit

from legal support and impinge on Defendant's rights to due process, to remain silent, and his rights to confrontation and to cross-examine witnesses.

**WHEREFORE**, Defendant James Edwards respectfully requests that the Court deny the United States' First Motion *in Limine* (Doc. 43).

Respectfully submitted,

/s/ *Nicole Moss, Attorney at Law*
Nicole Moss
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950

and

/s/ *Marshall Ray, Attorney at Law*
Marshall J. Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 8th day of June 2017.

/s/ *electronically filed*
Nicole Moss