IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                    16-CR-3068 JB

JAMES EDWARDS,

      Defendant.

## DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERY

Defendant James Edwards, through his counsel, hereby submits this Motion to Compel Production of Discovery. Defendant has consulted with the United States, which is opposed to this Motion. Defendant respectfully requests that the Court order the United States to produce all information that it is required to produce under the Rules of Criminal Procedure, the Jencks Act, and United States Constitution.

    I.    **THE COURT SHOULD REQUIRE THE IMMEDIATE PRODUCTION OF ALL ITEMS MATERIAL TO PREPARING THE DEFENSE, ALL EXCULPATORY AND INCULPATORY MATERIALS IN ITS POSSESSION, AND ALL IMPEACHMENT MATERIALS PURSUANT TO RULE 16 AND CONSTITUTIONAL REQUIREMENTS.**

The Federal Rules of Criminal procedure state:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

(ii) the government intends to use the item it its case-in-chief at trial; or

(iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). "Evidence is 'material' under rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal.'" *United States v. Roybal*, 46 F. Supp. 3d 1127, 1145-46 (D.N.M. 2014, Browning, J.)(quoting *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996)(internal quotation marks and citations omitted)).

Criminal defendants also have a constitutional right to receive certain discovery from the United States. The Due Process clause of the United States Constitution requires the United States to disclose to Defendant any evidence that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "The Supreme Court has extended the prosecution's disclosure obligation to include evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. *United States v. Roybal*, 46 F. Supp. 3d at 1151 (citing *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972)).

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975), *aff'd after remand*, 547 F.2d 205 (1976). The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *United States v. Bagley*, 87 L.Ed.2d 481, 490 (1985). Such evidence, if disclosed and used effectively, may make the difference between conviction and acquittal. *See Napue v. Illinois*, 360 U.S. 264 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle

factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

Defendant is accused of committing aggravated sexual assault in violation of 18 U.S.C. §§ 1153, 2241(a), and 2246(2)(B), based on events alleged to have occurred in late December 2014 or in January 2015. *See* Doc. 2. Trial is set for July 5, 2017 (approximately three weeks away from the date of filing of this Motion). In other words, trial is imminent, and Defendant is concerned that he has not received all of the materials he is entitled to receive in discovery. Defendant requests the immediate production of the following:

- All exculpatory and inculpatory statements in the Government's possession.
- All records of V.S.'s counseling at Acoma-Canoncito-Laguna Hospital
- All impeachment information with regard to Government witnesses. *See Giglio v. United States*, 405 U.S. 150, including records of prior inconsistent statements, investigators' discipline records and records of investigators' prior acts of misconduct, and information in the Government's possession regarding witnesses' lack of mental capacity or memory problems, information regarding any incentives witnesses may be receiving in order to provide testimony, and information about the alleged victim making past accusations of sexual assault or abuse.
- All *Jencks* material, including investigators' and officers' notes, in a timeframe that facilitates a fair opportunity for Defendant to evaluate and impeach witnesses.

This Court has written extensively about its approach to discovery in criminal cases. With reference to *Brady* material, the Court has explained: "[I]f the United States uncovers any such exculpatory material, it must produce any material evidence in time for its effective use at

trial." *United States v. Hykes*, 2016 WL 1730125, at **19-20 (D.N.M., Browning, J.). Furthermore, the Court has required the Government to produce officers' and investigators' notes once those officers or investigators have testified at trial. *See, e.g., United States v. Deleon*, 2017 U.S. Dist. Lexis 35177 at *129 (D.N.M., March 8, 2017)(Browning, J.)("One additional check that the Court requires of prosecutors is to disclose officers' and investigators' notes as "statement[s]" within the meaning of the Jencks Act.").

Given that trial is imminent, it is time for the Government to produce any discoverable information that it has not yet disclosed. With regard to impeachment information that might be in officers' personnel files, Defendant is in the position of depending on the Government to fulfill its obligations to review for *Giglio* material, but it is not insignificant that the United States in this case brought a Motion in *Limine* that specifically references impeachment materials stemming from "administrative discipline." Doc. 43 ¶6 at 3. If the United States has such impeachment evidence arising out of administrative discipline in its possession regarding one or more of its witnesses, then such information should be produced.

## II.    CONCLUSION.

To summarize, Defendant requests the immediate production of all discovery required by Rule 16 and by the Constitution, in light of the imminence of trial. Furthermore, Defendant requests that the Court order the production of officer and investigator notes as statements under the Jencks Act, and that all Jencks materials be produced in a time and manner that allows for the orderly administrative of justice and permits Defendant a meaningful opportunity to use the material produced.

**WHEREFORE**, Defendant James Edwards respectfully requests that the Court grant his Motion to Compel Production of Discovery and set forth above.

Respectfully submitted,

/s/ *Nicole Moss, Attorney at Law*
Nicole Moss
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950

/s/ *Marshall Ray, Attorney at Law*
Marshall Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 14th day of June 2017.

/s/ *electronically filed*
Nicole Moss