IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        16-CR-3068 JB

JAMES EDWARDS,

    Defendant.

## DEFENDANT'S MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY

Defendant James Edwards, through his counsel, hereby submits this Motion to Exclude Proposed Expert Testimony. The United States opposes this motion. The United States proposes to call two Acoma medicine men, James Sanchez and Abel Miller, to offer expert testimony regarding the "lack of fidelity by the Defendant in this incident as it relates to traditional practices." Doc. 42 at 1. The Court should exclude any such testimony because it will not help the jury understand the evidence or determine any fact at issue in this case. The probative value of the proposed expert opinion testimony also is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time. Furthermore, Defendant is informed and belief that one or both of the proposed witnesses has or have experienced memory problems, including dementia. If the Court chooses to permit the witnesses, then Defendant requests that their mental capacity to offer testimony first be evaluated.

    **I.**     **THE PROPOSED EXPERT OPINION TESTIMONY IS NOT HELPFUL OR RELEVANT.**

With respect to expert opinion testimony, the Federal Rules of Evidence state:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliAbel principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Here, Mr. Sanchez and Mr. Miller are expected to offer opinion testimony regarding whether Defendant was faithful to traditional practices during the alleged incident in question. Mr. Edwards' fidelity to tribal practices, however, is not at issue. The Government does not appear to contend that Mr. Edwards was engaging in traditional practices, and Mr. Edwards' position is that he was not performing traditional healing, that he advised the alleged victim that they were not conducting a traditional healing when they were together, and that the alleged victim came to his house to smoke marijuana and asked him for a massage. In other words, no party is asserting that Mr. Edwards was performing a traditional ceremony with V. S.

The basic elements the Government must prove at trial are set forth in statute:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act--
> (1) by using force against that other person; or
>
> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
>
> or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. 2241(a). *See also* Doc. 2 (Indictment). The Government has argued elsewhere that it should be allowed to put on evidence even where facts are not in dispute (*See* Doc. 43)(Government's First Motion in Limine). Thus the Government intends to make a presentation of evidence regarding how faithful Defendant was to traditional practices, or how far he strayed from such practices in his interactions with V.S., even though his fidelity to traditional Acoma practices is not an issue and will not help the jury decide whether Defendant used force, or threatened or placed V.S. in fear that she would be subject to death, serious bodily injury, or kidnapping, to engage in a sex act. *See* 18 U.S.C. § 2241(a).

The Government has suggested that it intends to emphasize the power or authority differential between Defendant an V.S. Defendant maintains that he does not and did not have any authority over V.S. or anyone else in the Pueblo. Even if a dispute exists about whether Defendant was in a position of power with respect to V.S., expert opinion testimony about the level of fidelity to traditional practices during the alleged encounter will not illuminate or help the jury decide that dispute. Pursuant to Rule 401 and 402, the expert opinion testimony the United States proposes is not relevant and should not be admitted.

**II.     THE COURT SHOULD EXCLUDE THE PROPOSED EXPERT TESTIMONY UNDER FED. R. EVID. 403.**

In addition to being irrelevant, the expert opinion testimony of Mr. Sanchez and Mr. Miller is more likely to confuse the jury. The intricacies of Acoma spiritual practices, whatever they may be, will not help the jury decide any relevant issue, but opinion testimony about Defendant's faithfulness may give the jury the impression that Defendant acted contrary to his professed religious customs during the incident alleged in this case. Whether Defendant violated his own religious beliefs, however, has no bearing on whether he is guilty of aggravated sexual

abuse, and such information serves only to inflame the jury against him, a professed medicine man, for not adhering to traditional practices.

"The rules of evidence contemplate the admission of relevant evidence, and the exclusion of irrelevant and potentially prejudicial evidence." *Train v. City of Albuquerque*, 629 F. Supp. 2d 1243, 1247 (D.N.M. 2009)(Browning, J.)(citing Fed. R. Evid. 401, 402, 403). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Courtney*, No. CR-11-2860 JB, Memorandum Opinion and Order at 16 (D.N.M. 2015)(citing *United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999)).

Here, on the one hand, the proposed expert opinion testimony has little to no probative value regarding any material issues in the case. On the other hand, it carries significant risk of creating a negative impression about Defendant and his adherence to his religious customs, even though such adherence or non-adherence on a certain occasion does not make it more or less likely that Defendant used force, threatened, or placed V.S. in fear of death, great bodily harm, or kidnapping, to commit a sexual act. Such evidence does not even prove or disprove the existence or apparent existence of a power differential between Defendant and VS. Given the very low and likely non-existent probative value of the evidence, and the high likelihood of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence (especially if two experts are called), the Court should exclude the evidence pursuant to Fed. R. Evid. 403.

It is particularly important that the Court exercise its gatekeeper function in this instance because the proposed evidence comes in the form of expert opinion testimony, which is much more difficult for the jury to evaluate. The Supreme Court of the United States has noted: "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. *Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.*" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595, 113 S. Ct. 2786, 2798 (1993) (internal quotation marks and citations omitted)(emphasis added).

In summary, the risks associated with this proffered evidence are high, and there is little chance that the evidence will assist the jury in deciding any material issue. The Court should exclude it.

### III. CONCLUSION.

The Court should not permit the Government to confuse and inflame the jury by introducing expert opinion testimony regarding how faithful Defendant was to traditional practices during the alleged incident at issue in this case. Defendant does not contend he was exercising a traditional rite, and neither does the Government. Moreover, the probative value of the expert testimony is substantially outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Finally, Defendant is informed and believed that one or more of the proposed experts suffers from dementia and has memory problems. If the Court is going to admit either proffered

expert, then the competency of those witnesses should first be assessed before the Court permits them to testify before the jury.

**WHEREFORE**, Defendant James Edwards respectfully requests that the Court exclude the expert opinion testimony of James Sanchez and Abel Miller.

Respectfully submitted,

/s/ *Nicole Moss, Attorney at Law*
Nicole Moss
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950

/s/ *Marshall Ray, Attorney at Law*
Marshall Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 14th day of June 2017.

/s/ *electronically filed*
Nicole Moss