## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                         16-CR-3068 JB

JAMES EDWARDS,

      Defendant.

### DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SIMILAR CRIMES IN SEXUAL ASSAULT CASES

Defendant James Edwards, through his counsel, hereby submits his Second Motion in Limine to Exclude Evidence of Similar Crimes in Sexual Assault Cases. The United States opposes this motion. In the discovery materials, the United States disclosed the following information: (1) a video of an interview that was conducted with the Defendant's teenage daughter, C.E.A., during which she denies any sexual abuse by the Defendant, and (2) a Memorandum of Interview and recording of an interview conduct with Amelia D. Garcia, a cousin of the alleged victim, that was conducted by Agent Marcelino ToersBijns. Defendant requests that the Court exclude all evidence of other sexual assaults because the only information disclosed so far that could constitute 413 evidence is irrelevant, based on rumor, and lacks probative value.

### LAW REGARDING RULE 413 EVIDENCE AND 403 BALANCING

Rule 413 permits the introduction of evidence that the defendant committed other sexual assaults in the prosecution of a sexual assault crime, if it is relevant. *See* Fed. R. Evid. 413. Although Rule 413 permits the introduction of other sexual assault evidence, it must be relevant

and must still pass the Rule 403 balancing test. The Tenth Circuit has explained that evidence offered under Rule 413 must meet three threshold requirements: (i) A district court must first determine that 'the defendant is accused of an offense of sexual assault,'" *United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998) (quoting Fed. R. Evid. 413); (ii) "Second, the court must find that the evidence proffered is 'evidence of the defendant's commission of another offense of . . . sexual assault.'" *United States v. Guardia*, 135 F.3d 1326 at 1328 (quoting Fed R. Evid. 413); and (iii) "The third requirement, applicable to all evidence, is that the evidence be relevant," *United States v. Guardia*, 135 F.3d at 1328.

Even if 413 evidence meets the three threshold requirements that the United States Court of Appeals for the Tenth Circuit has identified, a district Court must still apply the balancing test of rule 403. "[A]fter the district court resolves the three threshold issues, including a finding that the proffered evidence is relevant, it must proceed to balance the probative weight of the Rule 413 evidence against 'the danger of unfair prejudice, confusion of the issues, or misleading the jury, or . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Guardia*, 135 F.3d at 1330 (quoting Fed. R. Evid. 403).

## ANALYSIS

Currently the Government has disclosed two items of information that might be offered pursuant to Rule 413. First is the allegation that Defendant's daughter accused him of sexually assaulting her, and second is information contained in the interview of the alleged victim's cousin, in which the alleged victim's cousin refers cryptically to "rumors." In both instances, information regarding any prior conduct by defendant rises no higher than the level of rumor and insinuation. All such information should be excluded because it is not relevant and is of virtually

no probative value relative to the risk of unfair prejudice, confusion of the issues, misleading the Jury, or wasting the Court's and the Jury's time.

## I. DEFENDANT'S DAUGHTER DENIES ACCUSING HIM OF SEXUAL ASSAULT.

As part of its discovery disclosures, the United States disclosed a recording of a safehouse interview conducted with Defendant's teenage daughter. In the interview, Defendant's daughter is questioned about whether she made statements in social media accusing her father of raping her. In the interview, Defendant's daughter denied making such an accusation and denied that Defendant ever sexually abused her. Any statements derived from the safehouse interview are therefore of no probative value to any issue in the case. All the evidence will tend to do is project and unfounded sheen if impropriety onto Defendant without any substantiation. With no potential probative weight, the innuendo regarding potential sexual abuse of Defendant's child is unduly prejudicial and confusing and should be excluded pursuant to Fed. R. Evid. 403.

## II. MS. GARCIA OFFERS NO ADMISSIBLE EVIDENCE THAT DEFENDANT ENGAGED IN AN ACT OF SEXUAL ABUSE.

During the interview Agent ToersBijns asked Ms. Garcia if she knew about "any other person where something to someone was done that felt was not right referring to James Edwards." Ms. Garcia responded that she had only heard rumors. The Government has listed Ms. Garcia as one of the individuals it may call as a witness at trial. *See* Doc. 56 (Government's Witness List). The Court should not permit the Government to elicit testimony about rumors of prior sexual assault or misconduct. Ms. Garcia apparently has no personal knowledge of any sexual misconduct by Defendant and therefore no admissible evidence in that regarding.

**WHEREFORE**, Defendant James Edwards respectfully requests that the Court exclude any evidence offered regarding other acts of sexual assault or misconduct by Defendant.

Respectfully submitted,

/s/ *Nicole Moss, Attorney at Law*
Nicole Moss
201 12th St. NW
Albuquerque, NM 87102
(505) 244-0950

/s/ *Marshall Ray, Attorney at Law*
Marshall Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 21st day of June 2017.

/s/ *electronically filed*
Nicole Moss