IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 16-3068 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **JAMES EDWARDS**, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by and through Assistant United States Attorneys

Nicholas J. Marshall and Novaline D. Wilson, respectfully request that the Court include the

following instructions in its charge to the jury, and further request permission to include any

additional instructions as may become appropriate during trial.

Respectfully submitted,
JAMES D. TIERNEY
Acting United States Attorney

***Electronically filed on June 29, 2017***
NICHOLAS J. MARSHALL
NOVALINE D. WILSON
Assistant United States Attorneys
P.O. Box 607
Albuquerque, NM    87103
(505) 346-7274

I hereby certify that on June 29, 2017, I filed
the foregoing electronically through the CM/ECF
system, which caused counsel for the Defendant
to be served by Electronic means, as more fully
reflected on the Notice of Electronic Filing.
 /s/
NICHOLAS J. MARSHALL
Assistant United States Attorney

<h1 align="center">REQUESTED INSTRUCTION NO. __1__</h1>

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Jury Instructions Criminal 1.03, at 7 (2017) (**INTRODUCTION TO FINAL INSTRUCTIONS**).

## REQUESTED INSTRUCTION NO. __2__

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

Tenth Circuit Pattern Jury Instructions Criminal 1.04, at 8 (2017) (**DUTY TO FOLLOW INSTRUCTIONS**).

## REQUESTED INSTRUCTION NO. __3__

The government has the burden of proving Defendant James Edwards guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving Mr. Edwards guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Edwards not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Edwards' guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning Mr. Edwards' guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that Mr. Edwards is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Jury Instructions Criminal 1.05, at 9 (2017) (**PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT**) (modified).

# REQUESTED INSTRUCTION NO. __4__

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Jury Instructions Criminal 1.06, at 11-12 (2017) (**EVIDENCE – DEFINED**)

**REQUESTED INSTRUCTION NO.  5**

[There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.]

[As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.]

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Tenth Circuit Pattern Jury Instructions Criminal 1.07, at 13 (2017) (**EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES**)

# REQUESTED INSTRUCTION NO. __6__

I remind you that it is your job to decide whether the government has proved the guilt of Mr. Edwards beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including Mr. Edwards] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of Mr. Edwards should be weighed and his credibility evaluated in the same way as that of any other witness.]

[Mr. Edwards did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of

the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Jury Instructions Criminal 1.08, at 14-15 (2017) (**CREDIBILITY OF WITNESSES**) (modified)

[Tenth Circuit Pattern Jury Instructions Criminal 1.08.1, at 16 (2017) (**NON-TESTIFYING DEFENDANT**)]

# REQUESTED INSTRUCTION NO. __7__

Evidence has been presented about a statement attributed to Mr. Edwards alleged to have been made after the commission of the crime charged in this case but not made in court. Such evidence should always be considered by you with caution and weighed with care. You should give any such statement the weight you think it deserves, after considering all the circumstances under which the statement was made.

In determining whether any such statement is reliable and credible, consider factors bearing on the voluntariness of the statement. For example, consider the age, gender, training, education, occupation, and physical and mental condition of Mr. Edwards, and any evidence concerning his treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

After considering all this evidence, you may give such weight to the statement as you feel it deserves under all the circumstances. If you determine that the statement is unreliable or not credible, you may disregard the statement entirely.

Tenth Circuit Pattern Jury Instructions Criminal 1.25, at 38-39 (2017) (**VOLUNTARINESS OF STATEMENT BY DEFENDANT**) (modified)

**REQUESTED INSTRUCTION NO. __8__**

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Circuit Pattern Jury Instructions Criminal 1.40, at 61 (2017) (**CAUTIONARY INSTRUCTION DURING TRIAL (Transcript of Recorded Conversation)**)

**REQUESTED INSTRUCTION NO.   9**

The testimony of a victim of criminal sexual conduct need not be corroborated if the jury believes the victim beyond a reasonable doubt.

*See United States v. Wright*, 119 F.3d 630, 633-34 (8th Cir. 1997)

*People of Territory of Guam v. McGravey*, 14 F.3d 1344, 1345-47 (9th Cir. 1994)

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 9**, at 10, filed January 13, 2012 (Doc. 134)

You have heard the testimony of [name of witness]. You have also heard that, before this trial, [he/she] made a statement that may be different from [his/her] testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable [his/her] testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating her testimony here in court.

Tenth Circuit Pattern Jury Instructions Criminal 1.10, at 21 (2017) (**IMPEACHMENT BY PRIOR INCONSISTENCIES**) (modified)

**REQUESTED INSTRUCTION NO.  11**

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give.   The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 12**, at 13, filed January 13, 2012 (Doc. 134)

*United States v. Eddie Chaco, Jr.,* No. CR 10-3463 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 9**, at 12, filed August 10, 2011 (Doc. 108)

**REQUESTED INSTRUCTION NO. <u>  12  </u>**

The indictment in this case charges as follows:

From on or about December 25, 2014 and continuing through January 31, 2015, in Indian

Country, in Cibola County, in the District of New Mexico, the Defendant, **JAMES EDWARDS**,

an Indian, did unlawfully and knowingly engage in and attempt to engage in a sexual act with

Jane Doe, an Indian, by force, and the sexual act consisted of contact between the mouth of the

Defendant and the vulva of Jane Doe.

In violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2)(B).

Indictment at 1, filed July 12, 2016 (Doc. 2)

# REQUESTED INSTRUCTION NO. __13__

Mr. Edwards is charged with aggravated sexual abuse in violation of Section 2241(a) of Title 18 of the United States Code.   In order for Mr. Edwards to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, from on or about December 25, 2014 and continuing through January 31, 2015, Mr. Edwards knowingly used force to cause Jane Doe to engage in a sexual act;

Second, Mr. Edwards is Indian;

Third, the offense was committed in Indian Country; and

Fourth, the offense was committed in New Mexico.

A "sexual act" means contact between the mouth of Mr. Edwards and the vulva of the victim.

Ninth Circuit Manual of Model Jury Instructions Criminal 8.164, at 408 (2010) (**AGGRAVATED SEXUAL ABUSE (18 U.S.C. § 2241(a)**) (modified)

Ninth Circuit Manual of Model Jury Instructions Criminal 8.165, at 409 (2010) (**ATTEMPTED GGRAVATED SEXUAL ABUSE (18 U.S.C. § 2241(a)**) (modified)

18 U.S.C. §§ 1153, 2241(a)(1), 2246(2)(B)

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 14**, at 16-17, filed January 13, 2012 (Doc. 134)

*United States v. Eddie Chaco, Jr.,* No. CR 10-3463 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NOS. 12-14**, at 16-18, filed August 10, 2011 (Doc. 108) (modified)

## REQUESTED INSTRUCTION NO. __14__

Mr. Edwards may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime. However, Mr. Edwards may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime.

Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) Mr. Edwards intended to commit the crime; and that (2) Mr. Edwards took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of Mr. Edwards' criminal intent, and must unequivocally mark Mr. Edwards' acts as criminal. It should demonstrate commitment to the crime charged.

Tenth Circuit Pattern Jury Instructions Criminal 1.32, at 47-48 (2017) (**ATTEMPT**) (modified)

# REQUESTED INSTRUCTION NO. __15__

You will note that the indictment charges that the crime was committed from on or about December 25, 2014 and continuing through January 31, 2015. The government must prove beyond a reasonable doubt that Mr. Edwards committed the crime reasonably near December 25, 2014 and continuing through January 31, 2015.

Tenth Circuit Pattern Jury Instructions Criminal 1.18, at 30 (2017) (**ON OR ABOUT**) (modified)

## REQUESTED INSTRUCTION NO. __16__

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

Tenth Circuit Pattern Jury Instructions Criminal 1.37, at 56 (2017) (**KNOWINGLY – DELIBERATE IGNORANCE**) (modified)

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 18**, at 22, filed January 13, 2012 (Doc. 134)

*United States v. Eddie Chaco, Jr.,* No. CR 10-3463 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NOS. 16**, at 20, filed August 10, 2011 (Doc. 108) (modified)

Fifth Circuit Pattern Jury Instructions Criminal 1.35, at 47 (2001) (**ALIBI**) (modified)

Fifth Circuit Pattern Jury Instructions Criminal 1.36, at 48 (2001) (**JUSTIFICATION, DURESS, OR COERCION**) (modified)

IA K. O'Malley, J. Grenig & W. Lee, <u>Federal Jury Practice and Instructions</u>, § 17.07, at 604 (6th ed. 2008)

# REQUESTED INSTRUCTION NO. __17__

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.   In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.   You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

IA K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, § 17.07, at 604 (6th ed. 2008)

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 19**, at 23, filed January 13, 2012 (Doc. 134)

# REQUESTED INSTRUCTION NO. ___18___

During the trial, you heard the testimony of James Sanchez (or Able Miller) who expressed opinions concerning Acoma Pueblo traditional healing practices. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Jury Instructions Criminal 1.17, at 29 (2017) (**EXPERT WITNESS**) (modified)

**REQUESTED INSTRUCTION NO.  19**

As used in these instructions, the term "Indian" means a person who (1) has some Indian blood; and (2) is recognized as an Indian by a tribe or the federal government.

*United States v. Prentiss*, 273 F.3d 1277, 1280 (2001)

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 20**, at 24, filed January 13, 2012 (Doc. 134)

*United States v. Eddie Chaco, Jr.*, No. CR 10-3463 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 17**, at 20, filed August 10, 2011 (Doc. 108)

**REQUESTED INSTRUCTION NO. ___20___**

You are instructed, as a matter of law, that the land within the exterior boundaries of the

Acoma Pueblo is Indian Country.

18 U.S.C. § 1151

*Alaska v. Native Village of Venetie Tribal Government*, 522 U.S. 520, 527-534 (1998)

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 21**, at 25, filed January 13, 2012 (Doc. 134)

*United States v. Eddie Chaco, Jr.*, No. CR 10-3463 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 18**, at 29, filed August 10, 2011 (Doc. 108)

**REQUESTED INSTRUCTION NO.   21**

You are here to decide whether the government has proved beyond a reasonable doubt that Mr. Edwards is guilty of the crime charged.   Mr. Edwards is not on trial for any act, conduct, or crime not charged in the indictment.

Tenth Circuit Pattern Jury Instructions Criminal 1.19, at 31 (2017) (**CAUTION – CONSIDER ONLY CRIME CHARGED**) (modified)

**REQUESTED INSTRUCTION NO. __22__**

If you find Mr. Edwards guilty, it will be my duty to decide what the punishment will be.

You should not discuss or consider the possible punishment in any way while deciding your verdict.

Tenth Circuit Pattern Jury Instructions Criminal 1.20, at 32 (2017) (**CAUTION – PUNISHMENT**) (**Non-Capital Cases**) (modified)

## REQUESTED INSTRUCTION NO. __23__

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. [The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.]

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved Mr. Edwards guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Jury Instructions Criminal 1.23, at 35-36 (2017) (**DUTY TO DELIBERATE – VERDICT FORM**) (modified)

## REQUESTED INSTRUCTION NO. __24__

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that Mr. Edwards is presumed innocent, and that the government, not Mr. Edwards, has the burden of proof and it must prove Mr. Edwards guilty beyond a reasonable doubt. Those of you who believe that the government has proved Mr. Edwards guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved Mr. Edwards guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of

your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

Tenth Circuit Pattern Jury Instructions Criminal 1.42, at 63-64 (2017) (**MODIFIED *ALLEN* INSTRUCTION**) (modified)

**REQUESTED INSTRUCTION NO.   25**

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial, was meant to suggest to you what I think your decision should be.   That is your exclusive responsibility.

*United States v. Derrick Ivan Jim,* No. CR 10-2653 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 26**, at 32, filed January 13, 2012 (Doc. 134)

*United States v. Eddie Chaco, Jr.*, No. CR 10-3463 JB, **COURT'S FINAL JURY INSTRUCTIONS, INSTRUCTION NO. 24**, at 29, filed August 10, 2011 (Doc. 108) (modified)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CR No. 16-3068 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| **JAMES EDWARDS**, | ) | |
| | ) | |
| Defendant. | ) | |

## V E R D I C T

WE, THE JURY, find the Defendant, **JAMES EDWARDS**, _____

(guilty or not guilty)

of aggravated sexual abuse as charged in the indictment.


Dated this _____ day of July, 2017


_____

FOREPERSON