IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | CR No. 16-3068 JB |
| vs. | ) ) ) | |
| **JAMES EDWARDS**, | ) ) | |
| Defendant. | ) | |

## UNITED STATES' REQUESTED VOIR DIRE QUESTIONS

The United States respectfully requests the Court to allow counsel for the United States to ask the following questions in its examination of the prospective jurors. The United States further requests that the Court allow counsel for the United States to pursue more detailed questioning if further inquiry is appropriate and, if desirable, to conclude with an inquiry as to whether particular facts or circumstances would influence a juror in favor or against either the United States or the Defendant. The United States requests that the Court invite jurors to approach the bench to respond outside the hearing of the rest of the panel if the prospective juror so desires.

    A.    <u>Knowledge of the Trial Participants</u>

    1.    The Defendant in this case is James Edwards. Does any juror know, or has he or she had any dealings, directly or indirectly, with the Defendant, or with any relative, friend or associate of the Defendant?

    2.    Does any juror have any relatives, friends, associates, or employers who know or who have had any dealings with the Defendant?

3. The Defendant in this case is represented by Nicole W. Moss and Marshall J. Ray. Do any of you know Ms. Moss or Mr. Ray? Has any juror had dealings, either directly or indirectly, with Ms. Moss or Mr. Ray?

4. The government alleges that the victim in this case, who was identified as Jane Doe in the Indictment due to the public nature of that document, is a woman named _____ (*name excluded for purpose of this public filing*). Does any juror know, or has he or she had any dealings, directly or indirectly, with the victim, or with any relative, friend or associate of the victim?

5. Does anyone work for a law enforcement agency? There will be a Special Agent from the Bureau of Indian Affairs, Marcelino ToersBijns, who may be testifying in this case. Does anyone know Special Agent ToersBijns? Possible you will here from other law enforcement witnesses, Pueblo of Laguna Detective David Clendenin, Captain Rita Archuleta from Santa Fe County Adult Detention Center, Officer Benny Atencio from Santa Fe County Adult Detention Center, and former Acoma Police Chief Don Siow.

6. During the course of the trial, several civilians may be called as witnesses or may be discussed during testimony. These witnesses are:

    Amelia Garcia

    Vernelle Chase

    Patrick O'Connor

    James Sanchez

    Able Miller

    Eleanor Toya

    Latisha Sanchez

Donna Enfield

Jennifer Vallo

Does any juror know, or has he or she had any dealings, directly or indirectly, with any of these individuals?

7. The United States is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the District of New Mexico, who is Acting United States Attorney James D. Tierney. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Nicholas J. Marshall and Novaline D. Wilson. Do any of you know Mr. Tierney, Mr. Marshall, or Ms. Wilson? Have any of you had dealings either directly or indirectly with any of these individuals?

B. Relationships and Associations

1. Is anyone related to anyone who works in the United States Attorney's Office?

2. Does anyone work with or socialize with anyone who works for the United States Attorney's Office?

3. Aside from the United States Attorney's Office, is anyone friends with or related to an attorney who practices criminal law, either as a prosecutor or defense attorney?

4. Does any juror have any bias, prejudice or other feelings with respect to the United States Attorney's Office?

5. Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute and its outcome?

3

6. Has anyone had any training or education in law, or otherwise worked in a law office?

7. Aside from the people who work in law enforcement, does anyone have any friends or relatives who work for a law enforcement agency?

8. Has anyone on the panel had a bad experience with any type of law enforcement officer?

9. Has anyone on the panel had a bad experience with any other government employee?

10. Is there anyone who has a general distrust of the government?

11. Is there anyone who has previously been involved in protests to oppose any sort of government action?

C. <u>Prior Jury Service</u>

1. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

2. Have you ever served as a juror in any court? If so, when and in what court did you serve, and was it a civil or a criminal case?

    a. Were you ever the foreperson?

    b. Was a verdict reached in any of the cases you served as a juror?

3. How did your experience as a juror affect your views of our courts and justice system?

4. Does anyone on the panel believe the judicial system in general is unfair? If "yes," please explain why. Would these feelings prevent you from being fair and impartial in this case?

5. Are you related to, friendly with, or do you have any close acquaintance

with any of the other prospective jurors in this case?

    D.    <u>Experience as a Witness, Defendant, or Crime Victim</u>

        1.    Has any juror or any relative or close friend of any juror, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or been questioned in any matter by a federal, state, or local law enforcement agency?

        2.    Have you ever been a witness or complainant in any prosecution, state or federal?

        3.    Would you be unwilling to convict a person of a crime if all the facts you had against that person came from a witness whom you believed?

        4.    Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? If so, would that in any manner tend to prejudice you, affect your ability to evaluate the evidence or otherwise affect your deliberations in this case?

        5.    Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state?

        6.    Has anyone been a victim of any other type of crime?

        7.    What, if anything, would you change about the criminal justice system?

    E.    <u>Experience with Sexual Assault or Abuse</u>

        1.    This case involves allegations of sexual abuse of a woman. Do any of you feel you cannot sit as a juror because of the subject matter of this particular case?

        2.    Does anyone feel that cases involving allegations of sexual assault or sexual abuse should be dealt with somewhere other than the courtroom?

        3.    Do you think you will have difficulty discussing sexual matters openly with your fellow jurors?

        4.    Have you, anyone in your family or any of your friends been the victim of

any type of sexual abuse, sexual contact, or sexual assault?

        a.       If so, what were the circumstances?

        b.       What were the ages of the people involved?

        c.       Were the police involved?

        d.       Did the case go to court?

        e.       Were you satisfied that law enforcement or the courts did everything possible to resolve the matter?

        f.       Do you believe more could have been done by law enforcement or were you dissatisfied with the way the civil or criminal justice system handled the matter?

      5.       Have you, anyone in your family, or a friend ever been accused of sexual abuse?

      6.       Have you made or have you ever known anyone who made an accusation of sexual abuse?

      7.       Have you, or has someone close to you, ever been accused or falsely accused of any crime related to sexual assault?

      8.       Are you, or is anyone close to you, a member of any organization dealing with physical or sexual abuse? If yes, what is the organization and what made you decide to be a part of the organization?

      9.       Have you read or heard anything through the news media about sexual assault that made an impression on you?  If yes, what are your thoughts about what you have read or heard?

      10.     In general, does explicit discussion about sexual behavior disturb you?

    F.      <u>Biases Regarding Native Americans and Relations with the Federal Government</u>

      1.       The Defendant and the victim are members of the Acoma Pueblo and live

within the boundaries of the Acoma Pueblo. Does the fact that the Defendant and the victim are Native American make you think this case should be decided differently than any other criminal case? If so, how?

  2. Does the fact that the Defendant and the victim are Native American make you think that you must treat the evidence or testimony any differently than any other case? If so, how?

  3. Do you believe that alleged sexual abuse cases should be treated differently where the defendant and victim are Native American?

  4. This crime is alleged to have occurred on the Acoma Pueblo. Do any of you feel the federal government should not be involved in the prosecution of crimes which occur within what is statutorily defined as Indian Country?

  5. The United States Attorney's Office has a duty under federal law to prosecute a felony or serious crimes which occur within Indian Country. Do any of you think this law is wrong? Why?

  6. Do any of you feel that the government has a higher burden of proof in cases involving Native Americans because the Defendant's upbringing may have been different than your own?

  7. Do you think the government should have to prove a Native American defendant guilty beyond all doubt instead of beyond a reasonable doubt?

 G. <u>Function of the Court and Jury</u>

  1. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not

substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether the Defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent him or her from accepting the instructions of law that the Court will give you in this case?

2. As a juror, you may not consider a defendant's punishment in determining whether the government has proved its case beyond a reasonable doubt. Is there anyone here who thinks that thoughts about a defendant's punishment might make it harder for them to find a defendant guilty?

3. Will each of you accept the proposition of law that sympathy must not enter into your deliberations as to the guilt or innocence of the Defendant and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the Defendant? If you decide the Defendant is guilty, but feel sorry for him for any reason, would you still be able to vote guilty without regard to sympathy or feelings for him?

4. For you to convict the Defendant the government must prove guilt beyond a reasonable doubt. Reasonable doubt is doubt based on reason and common sense and not proof beyond a shadow of a doubt. Is there anyone on the panel who could not convict a defendant unless they were absolutely certain of that person's guilt, even if you felt there was no reasonable doubt as to the defendant's guilt?

5. Is there anyone on the panel who believes that the government should have a higher burden of proof, such as proof of guilt beyond a shadow of a doubt?

6. Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and evidence?

8

H. <u>Qualifications and General Biases</u>

1. Does anyone have any seeing or hearing problems that might prevent you from giving your full attention to all the evidence at this trial?

2. Is any juror taking any medication that would prevent you from giving your full attention to all the evidence at this trial?

3. Does any juror have any difficulty in reading or understanding English to any degree?

4. Does any juror work swing shifts or has anyone been up all night prior to coming here today?

5. Does any juror have any religious, philosophical or other beliefs which would make you unable to sit in judgment of the facts of this case and render a guilty verdict for reasons unrelated to the law and evidence?

6. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained?

I. <u>Requested Instruction Following Impaneling</u>

1. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the

course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me. In this regard, let me explain to you that the attorneys, any witnesses and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

          Respectfully submitted,

          JAMES D. TIERNEY
          Acting United States Attorney

          Electronically filed June 29, 2017
          NICHOLAS J. MARSHALL
          NOVALINE D. WILSON
          Assistant United States Attorneys
          P.O. Box 607
          Albuquerque, New Mexico 87103
          (505) 346-7274

I hereby certify that on June 29, 2017,
I filed the foregoing electronically through
the CM/ECF system, which caused Counsel
for the Defendant to be served by electronic
means, as more fully reflected on the Notice
of Electronic Filing.

    /s/
NICHOLAS J. MARSHALL
Assistant United States Attorney