IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                16-CR-3068 JB

JAMES EDWARDS,

    Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CERTAIN PORTIONS OF THE RECORDING AND TRANSCRIPT OF JAMES EDWARDS' STATEMENT

Defendant James Edwards, through his counsel, hereby submits this Motion in Limine to Exclude Certain Portions of the Recording and Transcript of James Edwards' Statement. The United States has expressed its intent to include a recording of Agent Marcelino Toersbijns' April 6, 2015 interview with Defendant as an exhibit at trial. Defendant does not objection to admission of the audio recording, with certain redactions as outlined below. Defendant does object to the admission of a transcript. At a hearing on June 22, 2017 the Court ruled that the audio recording could be admitted by the Government, with a transcript to be utilized by the jury to follow along with while the audio played, but not to be admitted into evidence. Thus, defendant moves this Court to order the following redactions to both the audio recording, and written transcript of James Edwards' interview with Agent Toersbijns. The United States opposes the proposed redactions.

    The Court should require the requested redactions because the statements Defendant proposes to redact arise out of improper opinions given by Agent Toersbijns, and the statements invade the province of the Jury to decide guilt. The statements also encroach upon the province of the Court to instruct the jury on what the law is, and they deprive Defendant of his right to be presumed

innocent. Additionally, the portions of the recording and transcript Defendant proposed to redact are unduly prejudicial to Defendant in relation to their probative value.

I.   **THE PROPOSED REDACTIONS.**

In addition to generally objecting to the use of the transcripts as exhibits or as aids for the Jury, Defendant requested, and United States has rejected, the following redactions to the transcript of the interview of Defendant conducted by Special Agent Toersbijns:

- P. 124, lines 5-10:

  **SA TOERSBIJNS: If she didn't want you to do that and she's under the pretenses that she's getting some kind of healing—**

  **JAMES EDWARDS: Uh huh.**

  **SA TOERSBIJNS: -- okay, that makes that illegal.**

- P. 133, lines 24-25 through page 134 line 8

  **SA TOERSBIJNS:  As far as this case, you don't—you do know what you did was criminal, right?**

  **JAMES EDWARDS:  No, I don't.  Is it criminal that I did?**

  **SA TOERSBIJNS: It's a sexual act if it's unwanted.**

  **JAMES EDWARDS: Uh-hmm.**

  **SA TOERSBIJNS: And she's saying she didn't want that to happen--**

- P. 142 line 17 through line 23

  **SA TOERSBIJNS: It's a criminal act.**

  **JAMES EDWARDS:  Criminal act, yeah.**

  **SA TOERSBIJNS:  If it's unwanted.**

  **JAMES EDWARDS: If it's a criminal act, okay, I did wrong.  Okay?  And I apologize for it.  I even apologized to her, [Jane Doe].**

## II. THE ABOVE EXCHANGES, IF ADMITTED OR SHOWN TO THE JURY, WILL VIOLATE DEFENDANT'S RIGHT TO THE PRESUMPTION OF INNOCENCE AND WILL IMPROPERLY INVADE THE PROVINCE OF THE JURY AND THE JUDGE.

The presumption of innocence in favor of the accused is a fundamental component of the due process right to a fair and impartial trial. *United States v. Apodaca*, 843 F.2d 421, 430 (10th Cir. 1988) (citing *United States v. Hack*, 782 F.2d 862, 867 (10th Cir.), cert. denied, 476 U.S. 1184, 106 S. Ct. 2921, 91 L. Ed. 2d 549 (1986); *Kennedy v. Cardwell*, 487 F.2d 101, 104 & n.4 (6th Cir. 1973), cert. denied, 416 U.S. 959, 94 S. Ct. 1976, 40 L. Ed. 2d 310 (1974); *United States v. Samuel*, 431 F.2d 610, 614 (4th Cir. 1970), cert. denied, 401 U.S. 946, 28 L. Ed. 2d 229, 91 S. Ct. 964 (1971)). "It follows that [the defendant] is also entitled to the indicia of innocence." *United States v. Apodaca*, 843 F.2d at 431 (citations and internal quotation marks omitted).

Special Agent Toersbijns' statements, if admitted, amount to his opinion as a law enforcement officer, that Defendant committed a crime. Agent Toersbijns is not permitted to offer such opinion testimony in this matter (or any at all, given that he is not disclosed as an expert witness in this case), and his hearsay statements, recorded in his interview with Defendant, must be excluded for the same reasons. He tells Mr. Edwards multiple times that Mr. Edwards' conduct was a "criminal act." He also attempts to identify elements of a crime with his reference to "sexual act" and tries to tie his purported version of the facts to the law throughout all the offending portions of the recording and transcript. If such statements were offered directly at trial, the Court would have to exclude it for multiple reasons, because they eliminate the presumption of innocence and usurp the role of the trier of fact and of the Judge.

Under the rules of evidence, the statements are also inadmissible. First, according to the Federal Rules of Evidence, "In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element

of the crime charged or of a defense. *Those matters are for the trier of fact alone*." Fed. R. Evid. 704 (emphasis added). *See also Vondrak v. City of Las Cruces*, No. CIV 05-0172 JB/LAM, 2009 U.S. Dist. LEXIS 94618, at *26 (D.N.M. Aug. 25, 2009)(Browning, J.).

Second, as this Court further explained in *Vondrak*: "The Tenth Circuit has stated: '[A]n expert may not state legal conclusions drawn by applying the law to the facts.'" *Id*. (quoting *A.E. By and Through Evans v. Independent School Dist. No. 25. of Adair County. Oki.*, 936 F.2d 472, 476 (10th Cir. 1991)). Special Agent Toersbijns would not be permitted to opine at trial that Defendant's conduct constituted a "criminal act" because such a statement is an opinion that purports to apply the law to the facts and implicitly includes an opinion that Defendant's conduct meets all the elements of a crime, including the requisite mental state. It is no more appropriate to allow such testimony than it is to allow a prior recording (and transcript) of the Agent saying the same thing to Defendant. The jury should not hear Special Agent Toersbijns' opinion statements to the effect that Defendant committed a criminal act.

The statements Defendant seeks to exclude also include Defendant's own responses to Special Agent Toersbinjs' assertions that he engaged in a criminal act. Those responses were induced by Special Agent Toersbijns representations to Mr. Edwards that he had committed a crime. Thus, the statements are unknowing and involuntary admissions. An investigator cannot state to a person: "What you did was a crime, so do you admit you committed a crime?" and then assert with a straight face that the defendant has knowingly and voluntarily confessed. Yet Agent Toersbijns attempted to do just that type of questioning here, and the Government, in full violation of Defendant's due process rights, seeks to introduce those constitutionally infirm exchanges as evidence. This Court has explained: "Expert testimony is likely inadmissible when the expert's testimony tracks the language of the legal principle or statute at issue or when terms employed

4

have a specialized legal meaning. *Securities v. Goldstone*, No. CIV 12-0257 JB/LFG, 2016 U.S. Dist. LEXIS 61657, at *118 (D.N.M. May 10, 2016)(Browning, J.).

Defendant also submits that the statements at issue raise a high risk of undue prejudice and confusion of the Jury. Defendant is entitled to the presumption of innocence and the "indicia of innocence," including being free from statements by the investigating Agent that Defendant's actions were "criminal" or unknowing and involuntary admissions induced by misrepresentations of the law by the Agent. The Court will instruct the jury on what the elements of the offense are (and Agent Toersbijns' imprecise attempt to articulate the elements of a crime will not be what winds up in the jury instructions), and the jury will decide the question of guilt.

### III. CONCLUSION.

The Government does not have a legitimate basis for including the above-discussed portions of the recording and transcripts in Exhibits or aides to the jury. Each utterance is excludable based on the Federal Rules of Evidence and on constitutional grounds. The Court should therefore prohibit the Government from introducing the statements to the jury.

**WHEREFORE**, Defendant James Edwards respectfully requests that the Court exclude from evidence, from exhibits, and from transcripts, the statements discussed in this Motion in Limine, specifically P. 124, lines 5-10, P. 133, lines 24-25 through page 134 line 8, and, P. 142 line 17 through line 23 of the Transcript and Recording of Mr. James Edwards' statement to Special Agent Toersbijns.

Respectfully submitted,

/s/ *Nicole Moss*, *Attorney at Law*
Nicole Moss
201 12th St. NW
Albuquerque, NM 87102

(505) 244-0950

/s/ *Marshall Ray, Attorney at Law*
Marshall Ray
201 12th St. NW
Albuquerque, NM 87102
(505) 312-7598

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this pleading was served as sealed to opposing counsel via the CM/ECF system on this 4th day of July 2017.

/s/ *electronically filed*
Nicole Moss